IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LOWMORREO HARRIS, SR.,

          Plaintiff,

v.

CHARLES DEVENDORF and
AMANDA WATERMAN,

          Defendants.

ORDER

14-cv-047-wmc

I am in receipt of a motion for my recusal as judge in the above-captioned case, dated April 24, 2017, purportedly based on the court's need to reschedule this matter for trial and subsequent delay in issuing a summary judgment decision, thereby "denying" plaintiff's right to a trial by jury. (Dkt. #142.) While the delays are certainly regrettable, neither is a sound basis for recusal, not least because this matter is now scheduled for trial in a few weeks and any recusal at this time would only further frustrate Mr. Harris's expressed and wholly understandable desire for a final resolution of his claims. More importantly, the delays were the result of nothing more than scheduling conflicts and work load, rather than a function of any bias toward the plaintiff. Indeed, it is telling that plaintiff's motion for recusal only comes after this court granted summary judgment to three of the five original defendants in this case, making the timing of his motion suspect at best. Regardless, I can assure Mr. Harris that the court will make every effort to give his remaining claims a full and fair hearing at trial before a jury on June 26, 2017. Given the complete absence of any legitimate basis for my recusal, plaintiff's motion will be denied.

A few days after the motion for recusal, April 26, 2017, plaintiff also filed a notice of motion and motion for appointment of counsel. (Dkt. #143.) Generally, the court will deny appointment of counsel for the same reasons set forth in its opinion and order on summary

judgment: this is a straight forward, "he said, he said" dispute for which "the court will craft a set of instructions to focus the jury on the remaining liability issues, and Harris is more than capable of describing his damages if it comes to that." (Op. (dkt. #138) p. 27.)

Having said that, the court is sympathetic to the limitations on Harris in obtaining testimony from now released inmates, Michael Jackson and Peter Sirani, and it will direct the clerk's office to assist the plaintiff in arranging their testimony, including arranging service of subpoenas, if necessary, should plaintiff lack the resources to do so himself. Assuming that plaintiff wants assistance, the clerk will attach to this order two blank subpoenas for him to fill out and return for the clerk's office to arrange for service. To ensure prompt and accurate service, plaintiff should return the subpoenas immediately after filling them out with as much information as possible about Jackson and Sirani. Similarly, the court asks defense counsel to arrange for prompt delivery of this order and, if plaintiff lacks the means, to make reasonable arrangements for the provision of basic writing materials in order for the plaintiff to prepare for trial. Finally, while the court continues to believe that the plaintiff is in the best position to describe the damages arising out of disclipinary segregation, the court would at least consider providing some guidance to the jury as to the possible psychological effects of long-term segregation.

ORDER

IT IS ORDERED that plaintiff Lowmorreo Harris's motion for recusal of judge (dkt. #142) and renewed motion for assistance in recruiting counsel (dkt. #143) are DENIED.

Entered this 13th day of June, 2017.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge