IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LOWMORREO HARRIS, SR.,

               Plaintiff,               OPINION and ORDER

v.

                                                  14-cv-047-wmc

CHARLES DEVENDORF and
AMANDA WATERMAN,

               Defendants.

This matter is set for trial commencing with voir dire on Monday, June 26, 2016, at 9:00 AM. A status conference is scheduled for June 21, 2016, at 1:00 PM, with a follow-up final pretrial conference scheduled for 8:30 AM on the morning of the trial. In advance of tomorrow's status conference, the court issues the following opinion and order on the parties' motions *in limine*. Because time is short, I am directing defendants to work with the clerk's office to ensure that plaintiff is provided with a copy of this order as soon as possible.

OPINION

I. **PLAINTIFF'S MOTION *IN LIMINE* (Dkt. #145)**

Plaintiff asks the court to exclude evidence of (a) his prior convictions and (b) his disciplinary history within the prison, except for the conduct reports (#1638248 and #1649795) at issue in this case. This motion will be granted in part and denied in part, as explained below.

    A. **Criminal Convictions**

Under Rule 609, felony convictions may be used to attack a witness's character for truthfulness or untruthfulness. In civil cases, felony convictions less than 10 years old "must be admitted, subject to Rule 403." Fed. R. Evid. 609 (a)(1)(A). Rule 403 provides that the court

"may" exclude relevant evidence if its probative value is "substantially outweighed" by the danger of unfair prejudice. The pendency of an appeal does not preclude use of a conviction for impeachment purposes. *See* Rule 609, Advisory Committee Notes, sub. e.

In their opposition brief, defendants state that they wish to introduce the following felony convictions: (1) two counts of solicitation of prostitutes and two counts of pandering/pimping, in Milwaukee County Case No. 2010CF4362; and (2) one count of trafficking a child, one count soliciting a child for prostitution, two counts pandering/pimping, and one count of solicitation of prostitutes, in Milwaukee County Case No. 2011CF2966. While all of these offenses are less than 10 years old, none are especially relevant to plaintiff's honesty, as would be an embezzlement or perjury conviction, for example. On the other hand, the nature of the offenses could well cause the jury to be substantially prejudiced against plaintiff, particularly an explosive charge of child trafficking. Therefore, the court will permit defendants to ask plaintiff about the number, dates of the above felony convictions, and their disposition, as well as *very* briefly the nature of the counts of solicitation of prostitutes and pandering/pimping, but *not* about the nature of the convictions for trafficking a child or soliciting a child for prostitution.

B. **Prison Disciplinary History**

With respect to plaintiff's disciplinary history, defendants argue that they should be permitted to introduce the following conduct reports from plaintiff's disciplinary record:

1) #1638246, issued on August 29, 2012, for using false names and titles;

2) #1679000, issued on November 28, 2012, for lying;

3) #1638659, issued on January 16, 2013, for lying about staff, disruptive conduct and disrespect;

2

4) #1638248, issued on January 16, 2013 by Devendorf, for enterprises and fraud, counterfeiting and forgery and violation of institution policies;

5) #1649795, issued on January 31, 2013, by Waterman, for lying about staff;

6) #1638250, issued on February 13, 2013, for false names and titles and disobeying orders;

7) #2270799, issued on May 31, 2014, for threats and disobeying orders; and

8) #2626596, issued on November 18, 2016, for threats and disobeying orders.

Despite defendants' arguments to the contrary, the conduct reports that were issued *after* those written by Devendorf and Waterman are not admissible. Defendants argue that those later-issued conduct reports are admissible under Rule 404(b) because they show "motive, intent, preparation, plan or lack of accident," but defendants are mistaken. Because plaintiff's actions underlying these conduct reports occurred *after* the conduct reports at issue in this case, these later-issued conduct reports are not evidence of any motive, plan, preparation or intent that would relevant. Instead, they would be introduced to suggest that plaintiff frequently threatens staff with conduct reports when he gets into trouble -- in other words, "to prove [plaintiff's] character to show that on a particular occasion [plaintiff] acted in accordance with that character." Such use is prohibited by Rule 404(b)(1). Thus, conduct reports #1638250, #2270799 and #2626596 will be precluded.

On the other hand, the earlier-issued conducts reports for lying about staff, #1679000 and #1638659, are admissible under Rule 608(b)(1). Although Rule 608(b)(1) does not permit extrinsic evidence of misconduct, it generally allows cross-examination regarding specific instances of misconduct if they are probative of a witness's character for truthfulness or untruthfulness. In addition to reports #1638248 and #1649795, for which there is no dispute as to admissibility, conduct reports #1679000 and #1638659 were issued for lying, which is conduct probative of

3

untruthfulness. Thus, defendants may elicit cross-examination that plaintiff was found to have lied numerous times before the conduct reports at issue. Defendants may not, however, introduce any of the conduct reports themselves as evidence, nor suggest that plaintiff's earlier conduct reports are indicative of his character for misbehaving.

Defendants may also discuss the earlier-issued conduct reports when explaining how staff determined the amount of segregation time to impose on plaintiff for the conduct reports issued by Devendorf and Waterman, *if* the decisionmakers actually relied on those earlier-issued conduct reports. As discussed in the context of defendants' motion in limine below, the amount of punishment plaintiff received is an important element of his retaliation claim. As defendants point out, the dispositions of the conduct reports from Devendorf and Waterman do specifically reference plaintiff's earlier conduct reports.

## II. DEFENDANTS' MOTION IN *LIMINE* (Dkt. #150)

Plaintiff's two remaining claims in this case concern alleged retaliatory conduct reports issued by Devendorf and Waterman. In particular, plaintiff contends that: (1) Devendorf issued a false conduct report for altering a disbursement slip; and (2) Waterman issued a false conduct report for lying about staff. As a result of these conduct reports, plaintiff was punished with 90 days disciplinary separation and 300 days disciplinary separation, respectively.

In their motion in limine, defendants ask the court to preclude any testimony or other evidence during the liability phase of trial regarding the punishment imposed as a result of the conduct reports issued by Devendorf and Waterman. Defendants argue that the evidence is irrelevant to liability because neither Devendorf nor Waterman had any involvement in the decisions to impose these dispositions. Additionally, they argue that such evidence should be

4

excluded under Rule 403 because any probative value would be substantially outweighed by a danger of unfair prejudice, confusing the issues and misleading the jury. In particular, they argue the jury might conclude that defendants should be punished because plaintiff received such lengthy terms in segregation for seemingly minor violations of prison rules. Finally, defendants argue that if evidence is introduced regarding the disposition of the conduct reports, they will be required to introduce evidence regarding how conduct reports are processed and sentences imposed, as well as the reasons for the particular dispositions at issue here in order to argue that the sentences were not excessive, disproportionate, or otherwise improper.

This motion will be denied. To succeed on his retaliation claim, plaintiff must prove that: (1) he engaged in an activity protected by the First Amendment; (2) defendants' conduct would deter a person of "ordinary firmness" from engaging in this protected activity in the future; and (3) the protected activity was at least a motivating factor in the defendants' decision to take the retaliatory action. *See Kidwell v. Eisenhauer*, 679 F.3d 957, 964-65 (7th Cir. 2012); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Evidence regarding the disposition of the conducts reports issued by Devendorf and Waterman is directly relevant to the second element of plaintiff's prima facie case. It is not simply the issuance of the conduct report that matters for the deterrence element of plaintiff's claim -- an inmate may not be deterred by issuance of a conduct report if the conduct report came with no consequences. For example, as the Seventh Circuit has explained, a "retaliatory disciplinary charge that is later dismissed is insufficient to serve as the basis of a § 1983 action" because it would not "deter a person of ordinary firmness from exercising First Amendment activity in the future." *Bridges*, 557 F.3d at 555. Rather, it is the consequences imposed as a result of the conduct report that may actually deter an inmate from future action. Thus, despite defendants' concern about potential unfair prejudice or improper placement of

5

blame, the court concludes that evidence of plaintiff's punishment is highly relevant. To avoid unfair prejudice, defendants may introduce evidence explaining who was responsible for determining the specific punishment at issue here.

Alternatively, defendants may concede that plaintiff has satisfied the second element of his retaliation claim. If defendants are willing to concede this element, the court would work with the parties to draft an appropriate instruction to the jury. Unless defendants concede this element and the court and parties can agree on an appropriate instruction, however, plaintiff may introduce evidence regarding the disposition of the conduct reports at issue.

## ORDER

IT IS ORDERED that:

1) Plaintiff Lowmorreo Harris's motion in limine (dkt. #145) is GRANTED IN PART AND DENIED IN PART as set forth above.

2) Defendants' motion in limine (dkt. #150) is DENIED as set forth above.

Entered this 20th day of June, 2017.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge