IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LOWMORREO A. HARRIS, SR.,

                    Plaintiff,

     v.

CHARLES DEVENDORF, *et al.*,

                    Defendants.

OPINION AND ORDER

14-cv-047-wmc

Under Fed. R. Civ. P. 59, *pro se* plaintiff Lowmorreo A. Harris, Sr., moves a new trial or to alter or amend the judgment entered by this court on June 28, 2017, after a jury trial on his claims against prison staff for retaliation. (Dkt. #187.) For the reasons stated below, that motion will be denied. Also before the court are Harris's motions for leave to proceed *in forma pauperis* on appeal (dkt. #191) and to waive transcript fees (dkt. #198), both of which will be granted.

OPINION

## I. Timeliness of Motion for Reconsideration

Defendants first argue that Harris's motion is untimely. Motions for a new trial or to alter and amend the judgment must be filed within the 28 days following the entry of judgment. Fed. R. Civ. P. 59(b)-(e). Here, Harris's motion was filed on July 31, 2017, 33 days after entry of the June 28, 2017, judgment. This does not end the matter, however, as the prison mailbox rule has been applied to Rule 59(e) motions. *See, e.g.*, *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (*per curiam*). Harris attempts to invoke this rule by filing a declaration of mailing (dkt. #199), stating that: he placed his motion

in the institutional mailbox; he does not control operations at the prison business office; and he is able to provide a disbursement slip signed by a housing unit sergeant that proves he mailed his motion on June 26, 2017. (*Id*.) While this would mean Harris filed his motion two days *before* this court issued its judgment, this court will assume that Harris meant to indicate he mailed his motion on *July* 26, which would have been the last permissible day for him to do so. Accordingly, Harris's motion will be considered timely.

## II. Rule 59 Merits

Where Harris's motion for a new trial or to alter or amend the judgment falls short is on the merits. Under Rule 59, "[a] new trial may be granted if the verdict is against the clear weight of the evidence or the trial was unfair to the moving party." *Clarett v. Roberts*, 657 F.3d 664 (7th Cir. 2011) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 863 (7th Cir. 2003)). "A new trial should be granted only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the] conscience." *Davis v. Wisconsin Dep't of Corr.*, 445 F.3d 971, 979 (7th Cir. 2006) (internal quotation marks omitted). "Although the court examines the evidence to determine whether the jury's verdict was based on that evidence, the court does not make credibility determinations or weigh the evidence." *Whitehead v. Bond*, 680 F.3d 919, 925 (7th Cir. 2012).

### A. Claim against Officer Waterman

The jury did not accept Harris's claim that Officer Waterman issued him a false conduct report in retaliation for a complaint made about her to Captain Achterberg. Harris

argues this verdict was against the weight of the evidence because it did not account for the "smoking gun" of Harris's written request slip to Captain Achterberg, in which he purportedly complained about Waterman and accused her of making false statements about his conduct. (P.'s Mot. (dkt. #187) 9-10).) At trial, Harris and Waterman disputed the substance of Harris's claim that Waterman had thrown some of Harris's legal papers through a trap in his cell door and withheld others without his consent. In particular, Harris cross-examined Waterman about a perceived discrepancy between the request slip and Waterman's conduct report about Harris's behavior during their interactions. Harris ultimately appears to dispute whether he claimed he was denied *all* of his property. Harris also argues that the jury did not give sufficient weight to corroborating testimony from another inmate, Michael Jackson. However, these credibility determinations were argued before the jury, and this court has no factual basis to question their conclusion. *See Whitehead*, 680 F.3d at 925.

### B. Claim against Financial Specialist Devendorf

Harris alleged that Financial Specialist Devendorf issued him a false conduct report in retaliation for filing prison grievances. At trial, Harris argued that Devendorf had *intentionally* written Harris a false conduct report for altering a document. Regardless, there is no basis to disturb the jury's credibility determination: whether they believed Devendorf was simply mistaken in believing that Harris had altered the document, or believed that Harris had altered it. Harris also points to a mistake made in the certification of a trust account, which Devendorf testified that he realized and remedied, but this admission does not require the jury to find that Devendorf would have reason to file a false report

intentionally.

## C. Pretrial Delay

Harris next argues he was prejudiced by a pretrial delay because: (1) Sergeant Koran had retired and could not be located; and (2) the memory of a supporting witness, inmate Michael Jackson, faded and made him appear less credible. This court is unaware of authority for setting aside a civil trial verdict on this basis, especially absent evidence of an improper purpose for the delay. Also, were there to be a second trial, it is unlikely that such problems would be remedied.

## D. Racial Composition of the Jury

Harris further argues that his Fourteenth Amendment right to equal protection was violated because the jury did not appear to include any people of color. Regardless of whether Harris is correct in his assessment of the racial composition of the jury, he is not entitled to relief on these facts where there is neither an allegation that any juror was struck from jury service on the basis of race nor that the court employed an improper process to select jurors. While it is unfortunate that the jury selection process cannot consistently produce a panel that mirrors the racial diversity of society, absent such grounds for relief, the Seventh Circuit has ruled that "no one is entitled to racial balance on any particular jury[.]" *United States v. Fadiga*, 858 F.3d 1061, 1064 (7th Cir. 2017).

## III. Denial of Request for Assistance in Recruiting Counsel

Finally, Harris argues for relief based on this court's previous denial of his request

to recruit counsel.  Since the trial turned on simple credibility determinations, which Harris highlighted for the jury, there is no compelling reason to revisit that decision either.  Harris argues a lawyer could have assisted him in locating Sergeant Koran, but both the court and defense counsel attempted to do so, making it unlikely that additional counsel would have been successful.  Moreover, Harris's filings offer no explanation as to how other witnesses could have been effectively utilized by an attorney.

## ORDER

IT IS ORDERED that:

1)  Plaintiff's motion to alter or amend the judgment (dkt. #187) is DENIED.

2)  Plaintiff's motion to proceed in forma pauperis on appeal (dkt. #191) is GRANTED.

3)  Plaintiff's motion to waive transcript fees (dkt. #198) is GRANTED.

Entered this 15th day of May, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge